IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| THOMAS JEFFREY ELLIS,              )<br>          Plaintiff,                            )<br>vs.                                                )<br>                                                    )<br>THE RENAISSANCE ON TURTLE )<br>CREEK CONDOMINIUM              )<br>ASSOCIATION, INC.,                      )<br>          Defendant.                          ) | No.  3:15-CV-2541-P-BH<br><br><br><br><br><br>Referred to U.S. Magistrate Judge |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Pursuant to *Special Order 3-251*, this case has been automatically referred for judicial screening. Based on the relevant filings and applicable law, the case should be *sua sponte* **DISMISSED** for lack of jurisdiction.

### I. BACKGROUND

On July 31, 2015, the plaintiff filed a "Notice of Removal" purporting to remove Cause No. DC-10-10227, *Ellis v. The Renaissance on Turtle Creek Condominium Association, et al.,* which he filed in 2010 in the 101st Judicial District Court of Dallas County, Texas. (doc. 3 at 1.) The state court granted summary judgment in favor of the defendants, and the plaintiff appealed the case to the Fifth District Court of Appeals. (doc. 10 at 2; doc. 10-5; doc. 14 at 2, 9, 21.[1]) After receiving an unfavorable decision, he appealed to the Texas Supreme Court. (doc. 14 at 2.) The Texas Supreme Court denied his petition for review on August 15, 2014, and it denied his motion for rehearing on November 7, 2014. (*Id.* at 2, 22, 23.) He concedes that he is seeking review of a final decision of a state court; he is "attempting to challenge

---

[1] The plaintiff's sworn answers to a magistrate judge's questionnaire to obtain more information about his claims constitute an amendment to his complaint. *See Macias v. Raul A. (Unknown), Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

the legal validity of the summary judgments from the 101st District Court and (if necessary) the decision of the Court of Appeals Fifth District of Texas at Dallas to affirm those judgments" and to vacate those judgments.  (*Id.* at 2, 8.)

## II.  JURISDICTION

"Federal courts are courts of limited jurisdiction.  They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree."  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted).  They "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum."  *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).  Courts have "a continuing obligation to examine the basis for their jurisdiction."  *See MCG, Inc. v. Great W. Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990).  They may *sua sponte* raise the jurisdictional issue at any time.  *Id.*; *Burge v. Parish of St. Tammany*, 187 F.3d 452, 465-66 (5th Cir. 1999).  In fact, Fed. R. Civ. P. 12(h)(3) requires a court to dismiss an action if it determines that it lacks jurisdiction over the subject matter.

In this case, the plaintiff admittedly seeks to remove a case that has been concluded at the state court level. (doc. 14 at 2.)  By the time he filed his purported notice of removal, "there was no pending case to remove"... Removal is simply not possible after a final judgment and the time for direct appellate review has run."  *Oviedo v. Hallbauer*, 655 F.3d 419, 423-24 (5th Cir. 2011).  Accordingly, this Court lacks jurisdiction over this removed case.

The pro se plaintiff seeks to have the Court vacate the state court's summary judgments and remand the case for a hearing on the merits, or alternatively, to "hear the case directly." (doc. 14 at 8.)  The

2

*Rooker-Feldman* doctrine[2] divests federal district courts of jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus.*, 125 S. Ct. 1517, 1521-22 (2005). "'[F]ederal district courts, as courts of original jurisdiction, lack appellate jurisdiction to review, modify, or nullify final orders of state courts.'" *See Weekly v. Morrow*, 204 F.3d 613, 615 (5th Cir. 2000) (quoting *Liedtke v. State Bar*, 18 F.3d 315, 317 (5th Cir. 1994)). Under 28 U.S.C. § 1257, only the United States Supreme Court has exclusive jurisdiction to review final judgments or decrees entered by the highest court of a state. Accordingly, "a party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." *Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994). This jurisdictional bar extends even to those cases "'in which the constitutional claims presented . . . are inextricably intertwined with the state court's grant or denial of relief.'" *Jordaan v. Hall*, 275 F. Supp. 2d 778, 788 (N.D. Tex. 2003) (quoting *Hale v. Harney*, 786 F.2d 688, 691 (5th Cir. 1986)).

Here, the plaintiff specifically seeks review of final orders of the state courts granting summary judgment in favor of the defendants and denying his appeal. The *Rooker-Feldman* doctrine therefore divests this Court of subject matter jurisdiction to hear his challenge to those final state court orders.

---

[2] This doctrine is named after *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983) and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923). These decisions "exhibit the limited circumstances in which [the Supreme] Court's appellate jurisdiction over state-court judgments, 28 U.S.C. § 1257, precludes a United States district court from exercising subject-matter jurisdiction in an action it would otherwise be empowered to adjudicate under a congressional grant of authority." *Exxon Mobil Corp. v. Saudi Basic Indus.*, 544 U.S. 280, 290 (2005).

## III.  RECOMMENDATION

This action should be **DISMISSED** for lack of subject matter jurisdiction.

**SO RECOMMENDED** on this 17th day of August, 2015.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE


## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE