IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| THOMAS JEFFREY ELLIS,                   )<br>       Plaintiff,                       )<br>vs.                                        )<br>                                           )<br>THE RENAISSANCE ON TURTLE     )<br>CREEK CONDOMINIUM                )<br>ASSOCIATION, INC.,                    )<br>       Defendant.                   ) | No.  3:15-CV-2541-P-BH |

**ORDER ACCEPTING FINDINGS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Through issued Findings, Conclusions, and Recommendation ("FCR") in this case, the United States Magistrate Judge recommends that this action be dismissed for lack of subject matter jurisdiction.  Plaintiff has filed objections to the FCR in which he asserts that he is not attempting to request federal relief for anything addressed in state court.  (*See* Objections / Appeal of Recommendation, doc. 17.)  He explains that he "is attempting to have the Federal Court exercise its jurisdiction on a matter where the state-court has refused to rule on the merits of a proper, legally valid argument that should have precluded the judgment being questioned." (*Id.* at 2.)  He further explains that his intent is "to have the Federal Court (in part under the Fed. R. Civ. Proc. 60(b)) consider relief from a judgment that is inherently void as a matter of Law as illustrated in the Memorandum and Order (doc. 18) of Civil Action No. H-13-1794 McClure v. Lifetime Fitness." (*Id.* at 2-3.)  He asks the Court to "extend any available discretion and allow this pro-se Plaintiff time to more formally address the question of jurisdiction and address the deficiencies in an amended complaint." (*Id.* at 3.)

After reviewing all relevant matters of record in this case, including the FCR and the objections to the FCR, in accordance with 28 U.S.C. § 636(b)(1), the Court finds that the Findings

and Conclusions of the Magistrate Judge are correct. Plaintiff has not shown a basis for exercising subject matter jurisdiction over this action. As the Magistrate Judge specifically found, Plaintiff has attempted to remove a state action when removal was simply not possible. In such circumstances, dismissal for lack of jurisdiction is proper. *See Oviedo v. Hallbauer*, 655 F.3d 419, 425-26 (5th Cir. 2011). The removal context of this case is sufficient standing alone to dismiss this case for lack of jurisdiction. Plaintiff cannot cure this deficiency by filing an amended complaint. And the Court has no discretion to maintain a civil action over which it lacks subject matter jurisdiction.

The Magistrate Judge also correctly found that the *Rooker-Feldman* doctrine[1] would divest this Court of federal jurisdiction had the case been properly removed. Although Plaintiff now contends that he does not intend to seek review, modification, or nullification of a state-court final judgment, that is precisely what he appears to seek. His reliance on Fed. R. Civ. P. 60(b) is misplaced because it provides no means for a federal court to grant relief from a state judgment unless the state action has been properly removed to federal court. *See Thompson v. Deutsche Bank Nat'l Trust Co.*, 775 F.3d 298, 306 & n.9 (5th Cir. 2014) (recognizing that Rule 60(b) apples upon proper removal). Because the case relied on by Plaintiff – *McClure* – involved a properly removed state action, it is immaterial to the case now before the Court.

The Court has conducted a de novo review and determination as to the issues to which Plaintiff has specifically objected. Having reviewed the remainder of the Findings, Conclusions, and Recommendation of the Magistrate Judge for clear error, it is satisfied that there is no clear error on

---

[1] This doctrine is named after two Supreme Court decisions: *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). These cases "exhibit the limited circumstances in which [the Supreme] Court's appellate jurisdiction over state-court judgments, 28 U.S.C. § 1257, precludes a United States district court from exercising subject-matter jurisdiction in an action it would otherwise be empowered to adjudicate under a congressional grant of authority." *Exxon Mobil Corp. v. Saudi Basic Indus.*, 544 U.S. 280, 290 (2005).

the face of the record.  Accordingly, the Court hereby **ACCEPTS** the Findings and Conclusions of the Magistrate Judge as the Findings and Conclusions of the Court.  And pursuant to Fed. R. Civ. P. 12(h)(3), it **DISMISSES** this action without prejudice for lack of subject matter jurisdiction.  By separate judgment, it will formally dismiss this action.

    **SIGNED this 8th day of September, 2015.**

                                                                           **JORGE A. SOLIS**
                                                                           **UNITED STATES DISTRICT JUDGE**